## Richmond

MICHAEL ROBERT BOLDA

v.

COMMONWEALTH OF VIRGINIA

No. 0882-91-2

Decided November 10, 1992

COUNSEL

C. David Whaley (Morchower, Luxton & Whaley, on brief), for appellant.

Michael T. Judge, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—Michael Robert Bolda was convicted of possession of psilocyn in violation of Code §§ 18.2-250 and 54.1-3446(3). On appeal, Bolda contends the trial judge erred in overruling his motion to suppress evidence seized in violation of the Fourth Amendment. Because the search exceeded the scope of Bolda's consent, we reverse the conviction.

At 2:55 a.m., Officer Timothy Allen Jennings stopped a pickup truck whose driver he suspected of driving under the influence of an intoxicant. Bolda was a passenger in the truck. After arresting the driver, Jennings told Bolda to exit the truck because Jennings wanted to search the truck. Jennings asked Bolda "if he was carrying any guns, knives, weapons, or anything of a nature of guns, knives, or anything on his person." Bolda answered, "No." Jennings then asked, "[M]ay I search you, may I search your person?" Jennings testified that he did not recall making any reference to weapons when he asked to search; however, he said it was possible that he asked Bolda if he could search for weapons. Bolda testified that Jennings asked, "[d]o you mind if I search you for guns, knives, weapons?"

As Jennings was "patting him down," Jennings felt an object which he described as being "about an inch and a half to two inches long" and "kind of hard." Jennings said that "it felt like plastic on the outside," but he did not "make any effort to determine what it was prior to removing it from his pocket by a sense of touch." He removed the object from Bolda's pocket and discovered that it was a rolled up baggie. Jennings unrolled the baggie and discovered a crusty material inside of it. Laboratory analysis proved the substance to be a psilocyn mushroom.

 "[T]he Fourth Amendment . . . protects people from unreasonable government intrusions." *United States v. Chadwick*, 433 U.S. 1, 7 (1977). "A consensual search is reasonable if the search is within

the scope of the consent given." *Grinton v. Commonwealth*, 14 Va. App. 846, 850, 419 S.E.2d 860, 862 (1992). The United States Supreme Court has articulated the standard for measuring the scope of an individual's consent under the Fourth Amendment to be " 'objective' reasonableness — what would the typical reasonable person have understood by the exchange between the officer and the suspect?" *Florida v. Jimeno*, 500 U.S. 248, 251 (1991). Furthermore, the Court stated that, "[t]he scope of a search is generally defined by its expressed object." *Id.* The Commonwealth argues that Bolda's consent did not expressly limit Jennings to a search for weapons. We disagree.

Before patting Bolda's clothing, Jennings asked Bolda if he had any weapons or anything of that nature. When Bolda responded, "No," Jennings asked Bolda if he could search his person. It was objectively unreasonable for Jennings to conclude that Bolda's affirmative response was consent for a general search. The method and order in which Jennings posed his questions to Bolda implied only a concern about weapons. Thus, Bolda's response could only reasonably have been related to the scope of the request. Significantly, Jennings himself testified that it was possible he asked Bolda if he could search only for weapons. In addition, Jennings did not testify that he ever mentioned drugs or other contraband in his questioning of Bolda. These circumstances prove an implicit limitation on Bolda's consent, limiting Jennings to a search only for weapons.

█ Having decided the scope of Bolda's consent, we must then decide whether Jennings' actions were reasonable within that scope. "The touchstone of the Fourth Amendment is reasonableness." *Jimeno*, 500 U.S. at 250. To justify removal of an object from a person's clothing during a search for weapons, "the officer [must] reasonably believe[ ] the object could be a weapon." *Lansdown v. Commonwealth*, 226 Va. 204, 213, 308 S.E.2d 106, 112 (1983), *cert. denied*, 465 U.S. 1104 (1984).

In *Lansdown*, the officer could reasonably have believed that the hard, rectangular brass box might have been or contained a weapon. *Id.* at 207, 308 S.E.2d at 112. In *Simmons v. Commonwealth*, 217 Va. 552, 231 S.E.2d 218 (1977), the officer reasonably could have concluded that the "warm-up jacket sagging in the front" contained a weapon, *id.* at 556, 231 S.E.2d at 221, and, thus, was justified in removing a "hard object," which was a tape recorder. *Id.* at 553, 231 S.E.2d at 219-20. In *Williams v. Commonwealth*, 4 Va. App. 53, 354

S.E.2d 79 (1987), the officer detected a hard "object that felt big and it was bulging out of his pocket," *id.* at 67, 354 S.E.2d at 87, and reasonably could have believed that the large rolled up wad of one hundred dollar bills was a weapon. *Id.*

Jennings testified at trial that he felt an object one-half inch in diameter and about one and one-half to two inches long. He described it as being plastic and "kind of hard." A bare assertion that an item is believed to be a weapon will not justify a seizure of any item, particularly when the size, character or configuration of the item reasonably could not support the conclusion that the item is a weapon. Based on the evidence in this record, we conclude it was unreasonable for Jennings to have believed, especially after he removed the item from Bolda's pocket, that the object could be a weapon. Furthermore, Jennings had no justification for unrolling the plastic bag after he retrieved it from Bolda's pocket. After Jennings saw the object that he removed from Bolda's pocket, Jennings could not reasonably have believed that it contained a weapon. He testified:

> It was a hard, almost crusty — type material. It wasn't soft, it wasn't powder at all. . . . At the time when I retrieved it, I didn't know what it was, but I had considerable belief that it could have been anything relating to a weapon, a pen knife or a pointed edge, that could cause harm to me.

In *Harris v. Commonwealth*, 241 Va. 146, 400 S.E.2d 191 (1991), the defendant was a passenger in an automobile driven by a fugitive. Officers stopped the automobile because of a broken brake light and arrested the driver. While one of the officers was frisking the defendant for weapons, the officer felt a bulge in his pocket. The officer removed a film canister, opened it, and found cocaine. *Id.* at 147-48, 400 S.E.2d at 192-93. Because Harris did not give consent to a search, the Court analyzed the case under usual Fourth Amendment jurisprudence and emphasized the limited nature and scope of a *Terry* search. *Id.* at 149-51, 400 S.E.2d at 193-94. The Court concluded as follows:

> Certainly, Officer Von Canon was entitled to conduct a limited search of Harris to assure himself that Harris did not have any weapons in his possession which would have endangered the officer's safety. Indeed, the safety of the officer when conducting his duties is of paramount importance. However, Von Canon's seizure and search of the film canister during the weapon search was not permissible because the canister was not a weapon and

he did not search the canister for a weapon. Rather, he had a "hunch" that the canister contained illegal drugs and therefore conducted a generalized search.

*Id.* at 151, 400 S.E.2d at 194.

Jennings articulated no reason, except a search for weapons, to justify opening and inspecting the item he retrieved from Bolda's pocket. Because his stated reason for the search was unreasonable, he had no authority to proceed with a generalized search. "The purpose of [a] limited search [for weapons] is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence." *Adams v. Williams*, 407 U.S. 143, 146 (1972). "The government may not exceed the boundaries of the consent, and any evidence gathered beyond those boundaries must be excluded." *United States v. Martinez*, 949 F.2d 1117, 1119 (11th Cir. 1992). Accordingly, we conclude that the trial judge should have granted the motion to suppress.

*Reversed and dismissed.*

Coleman, J., and Fitzpatrick, J., concurred.