COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Benton and Elder
Argued at Richmond, Virginia


BRANDON ALEXANDRIA DYER, s/k/a
 BRANDON ALEXANDER DYER
                              MEMORANDUM OPINION[*] BY
v.    Record No. 1827-97-2    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                   JUNE 30, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF HANOVER COUNTY
               Richard H. C. Taylor, Judge

     Patrick R. Bynum, Jr., for appellant.

     Jeffrey S. Shapiro, Assistant Attorney
     General (Mark L. Earley, Attorney General, on
     brief), for appellee.


     Brandon Alexandria Dyer (appellant) was convicted of

possession of cocaine with the intent to distribute in violation

of Code § 18.2-248 and possession of marijuana in violation of

Code § 18.2-250.1.  He contends the trial court erroneously

admitted evidence obtained as a result of an unlawful

investigatory stop.  For the following reasons, we affirm the

conviction.

                              I.

     At 3:00 a.m. on January 2, 1997, while patrolling alone in

his police car, Sergeant Richard L. Farmer, Jr., observed a

vehicle parked near a convenience store.  The car caught the

officer's attention because it was the only vehicle in the lot

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

and it was parked "all the way over on the right side" of the building, rather than "in front where normal traffic would have parked." As Farmer drove through the parking lot, the car exited the lot and turned north on Route 1. Farmer followed at a distance while he ran a license check to determine whether the vehicle was stolen.

After approximately one-half mile, Farmer observed that the vehicle "made a wide [right] turn, to the point where he went all the way onto the entire left side of the roadway and his vehicle was actually in the oncoming lane." When Farmer activated his emergency lights to stop the vehicle, appellant, who was driving, leaned forward over the steering wheel. As Farmer approached the stopped car on foot, appellant was still bent forward, and his right hand was hidden under his bulky sweatshirt. Farmer ordered appellant to show his hand and exit the vehicle.

As appellant got out of the car, Farmer believed he was hiding something which could have been a weapon. Farmer frisked him and felt a "large bulge that had a metallic feel to it" in the front of appellant's pants. When asked what the large bulge was, appellant reached into his pants. Concerned that appellant might be reaching for a weapon, Farmer "wanted to control the situation," and he grabbed appellant's wrist. Together they pulled out a "cloth . . . zipper-type bag" large enough to hold a knife or a gun.

Farmer asked what was in the bag, and appellant admitted

that it contained drugs. Still feeling something metallic in the bag, the officer took it from appellant and opened it. The bag contained illegal drugs, $116 in currency, a key, a number of loose coins, several miscellaneous papers, and a pack of cigarettes.

The trial court denied appellant's pre-trial motion to suppress the evidence seized during the traffic stop. At trial, appellant entered a conditional guilty plea, preserving his right to appeal the denial of the suppression motion. He was convicted by final judgment entered July 7, 1997.

## II.

Appellant contends Sergeant Farmer lacked a reasonable and articulable suspicion necessary to justify the investigatory stop. He argues that Farmer's initial decision to follow appellant's car was based on a "hunch" and as such tainted the later stop of appellant's car. Appellant's argument lacks merit.

"'[W]hen the police stop a motor vehicle and detain an occupant, this constitutes a seizure of the person for Fourth Amendment purposes.'" Logan v. Commonwealth, 19 Va. App. 437, 441, 452 S.E.2d 364, 367 (1994) (quoting Zimmerman v. Commonwealth, 234 Va. 609, 611, 363 S.E.2d 708, 709 (1988)). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren v. United States, 116 S. Ct. 1769, 1772 (1996).

In the instant case, Sergeant Farmer noticed appellant's vehicle parked in an unusual location, and he ran a check on the license plate number to determine whether the car was stolen. He did not stop appellant at that time; he merely followed at a distance while awaiting the results of the license check. Notwithstanding appellant's argument to the contrary, Farmer required no reasonable, articulable suspicion of illegal activity to record and check the license plate number and follow appellant's car at a distance for one-half mile, because these actions did not constitute a seizure under the Fourth Amendment. It was undisputed that during this time, Sergeant Farmer observed appellant's vehicle make a wide right turn into the oncoming traffic lane, a violation of Code § 46.2-846.[1] This traffic infraction, which the officer witnessed, provided probable cause to justify Farmer's stop of the vehicle.

Additionally, appellant argues that even if the investigatory stop was justified, the subsequent pat-down search of his person was illegal. We disagree.

"'Ultimate questions of reasonable suspicion and probable cause' . . . involve questions of both law and fact and are reviewed de novo on appeal." McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (quoting Ornelas v. United

---

[1]The relevant portion of the statute provides that "[b]oth the approach for a right turn and a right turn shall be made as close as practicable to the right curb or edge of the roadway." Code § 46.2-846.

-4-

<u>States</u>, 116 S. Ct. 1657, 1659 (1996)). "[W]e give due weight to the inferences drawn from [the] facts by resident judges and local law enforcement officers." <u>McGee</u>, 25 Va. App. at 198, 487 S.E.2d at 261.

The appropriate standard to evaluate a pat-down search is well established:

> It is not unreasonable for a police officer to conduct a limited pat-down search for weapons when the officer can point to "specific and articulable facts" "which reasonably lead[] him to conclude, in light of his experience, that 'criminal activity may be afoot' and that the suspect 'may be armed and presently dangerous.'"

<u>James v. Commonwealth</u>, 22 Va. App. 740, 745, 473 S.E.2d 90, 92 (1996) (citations omitted). Factors that may be relevant in determining whether a pat-down was justified include "'the characteristics of the area where the stop occurs . . . as well as any suspicious conduct of the person accosted such as . . . any nervous conduct on the discovery of [the officer's] presence.'" <u>Williams v. Commonwealth</u>, 4 Va. App. 53, 67, 354 S.E.2d 79, 86-87 (1987) (citations omitted).

Here, Farmer observed appellant's traffic infraction and was concerned that he might be driving under the influence of drugs or alcohol. From the moment the officer activated his emergency lights until he approached the vehicle, appellant was bending forward over the steering wheel with his hand hidden beneath his sweatshirt. Farmer believed appellant was hiding something from him, and he reasonably suspected that it might be a weapon. This

behavior, combined with the fact that Farmer was patrolling alone at 3:00 a.m., provided an articulable suspicion that appellant posed a threat to the officer's safety. We hold that a limited pat-down of appellant's outer clothing was reasonable under the circumstances.

Finally, appellant contends the seizure of the drugs was unauthorized because the officer could not reasonably believe, upon feeling the bag, that it was a weapon. While an officer is conducting a pat-down search, if he feels an object that he reasonably believes could be a dangerous weapon, the officer may seize the object from the suspect's person. See Bolda v. Commonwealth, 15 Va. App. 315, 317, 423 S.E.2d 204, 206 (1992). "The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." Terry v. Ohio, 392 U.S. 1, 27 (1968).

Under these facts, when appellant reached for the bulge with the "metallic feel" in his pants, Farmer could reasonably believe he was in danger. The officer's attempt to control the situation by grabbing appellant's wrist was justified by his concern that appellant might be drawing a weapon. Once appellant and the officer removed the bag from the front of appellant's pants, appellant admitted it contained drugs. That admission, in conjunction with the officer's continuing concern that the

metallic object in the bag was a weapon, provided Farmer with a reasonable basis to conclude the bag contained contraband and possibly a weapon.  Therefore, the seizure of the bag was justified.

For the foregoing reasons, we hold that the trial court properly denied appellant's motion to suppress evidence of the contents of the bag and affirm the conviction.

<u>Affirmed.</u>

Benton, J., dissenting.

"Under the circumstances of this case, [Brandon Alexandria Dyer's] conduct, viewed either in isolation as the officer considered it or along with the other behavior as the court must examine it, is utterly insufficient to generate a reasonable suspicion that [Dyer] was involved in criminal activity." Zimmerman v. Commonwealth, 234 Va. 609, 612, 363 S.E.2d 708, 710 (1988). The evidence proved that the officer saw the defendant in his automobile and lawfully parked at a convenience store near pay telephones. Although the officer did not observe Dyer violating any law, he concluded that Dyer was suspicious. When the officer decided to "run[] the license on the vehicle," the officer drove "slowly . . . behind [Dyer's] vehicle, look[ed] at [Dyer], look[ed] at the license plate, [drove] around to the left side, back[ed] up, and then watch[ed] . . . as [Dyer] backed up and left." The officer saw Dyer commit no traffic or other violations in the parking lot, leaving the parking lot, or entering the highway. The officer followed Dyer from a distance of "at least ten car lengths" as Dyer drove north on Route 1. The officer saw Dyer commit no traffic offenses on Route 1.

At Old Keaton Road, a secondary road that is not marked except for a road sign, Dyer turned right. The officer testified that Dyer's wide turn onto Old Keaton Road "heightened [the officer's] suspicion as far as possibly . . . . driving under the influence." When Dyer completed his turn, Dyer drove into the

proper travel lane.  After Dyer made the turn and drove in his proper lane, the officer saw nothing else to indicate that Dyer was not properly operating his vehicle.  The officer followed Dyer a short distance on Old Keaton Road and signaled Dyer to stop.

Stopping an automobile and detaining its occupant constitutes a seizure within the parameters of the Fourth Amendment, even when the purpose of the stop is limited.  See Delaware v. Prouse, 440 U.S. 648, 653 (1979).  "Manifestly, [Dyer's] conduct falls below activity necessary to justify a reasonable suspicion that a violation of law had occurred or was occurring."  Zimmerman, 234 Va. at 612, 363 S.E.2d at 710.  Not every seemingly suspicious motion of a vehicle gives rise to a reasonable suspicion of criminal conduct.  See, e.g., Barrett v. Commonwealth, 250 Va. 243, 247-48, 462 S.E.2d 109 (1995).

In making a turn, "[b]oth the approach for a right turn and a right turn shall be made as close as practicable to the right curb or edge of the roadway."  Code § 46.2-846.  This statute does not require a driver to make a perfect turn.  "[A] slightly flawed right turn was not in and of itself enough to give an officer a reasonable and articulable suspicion that the driver was under the influence of alcohol."  City of Mason v. Loveless, 622 N.E.2d 6, 7 (Ohio App. 1993).  Indeed, if failures to follow "perfect vector[s] down the highway . . . were sufficient reasons to suspect a person of driving while impaired, a substantial

portion of the public would be subject each day to an [unreasonable] invasion of their privacy." United States v. Lyons, 7 F.3d 973, 976 (10th Cir. 1993).

The evidence proved the officer saw Dyer maneuver his automobile without incident in the convenience store's parking lot. After Dyer backed his automobile, he drove from the lot and turned onto Route 1. He violated no driving prohibitions in so doing. The officer followed Dyer along Route 1. Dyer committed no traffic violations while driving on Route 1. No evidence proved that Old Keaton Road, a secondary road, had lane markings. It was nighttime. No evidence proved that the intersection was illuminated. When Dyer turned onto the street, which was marked only by a street sign, no traffic was approaching. No evidence proved that a safety problem was created or that Dyer drove erratically. He merely made a wide turn onto a secondary road. When viewed in its totality, this "isolated incident" failed to generate a reasonable suspicion that Dyer was committing a traffic violation or driving under the influence of alcohol. See United States v. Gregory, 79 F.3d 973, 978-79 (10th Cir. 1996).

For these reasons, I would hold that the stop was illegal and that the evidence seized as a result of the seizure should have been suppressed.