# Richmond

## LILLIE BELLE HAIRSTON v. COMMONWEALTH OF VIRGINIA.

December 1, 1975.

Record No. 750182.

Present, I'Anson, C.J., Carrico, Harrison, Cochran, Poff and Compton, JJ.

*John H. Kennett, Jr.*, for plaintiff in error.

*Patrick A. O'Hare, Assistant Attorney General (Andrew P. Miller, Attorney General, and John R. Alderman, Special Assistant Attorney General,* on brief), for defendant in error.

Per Curiam.

The defendant, Lillie Belle Hairston, was convicted by the trial court, sitting without a jury, of unlawful possession of a controlled substance without a prescription. She was sentenced to pay a fine of $150.00 and to serve a term of 30 days in jail, which term was suspended on condition of good behavior. The sole question on appeal is whether the drugs found in the defendant's possession were seized as the result of an illegal search of her wallet.

The record shows that on June 6, 1974, Detective F. S. Cruser, Jr., and several other officers of the Roanoke Police Department entered Miss Rene's Massage Parlor to execute a warrant for the arrest of the manager, L. R. Brown, Jr. The officers also intended to investigate a report that juveniles were employed in the establishment.

According to the Commonwealth's evidence, after Brown was placed under arrest, Detective Cruser asked the defendant, who was

in the front office, for "some sort of identification to ascertain her age." The defendant began "looking through her pocketbook" and, becoming "rather perturbed," opened the purse and "dumped . . . out" its contents on a sofa. She then said to Cruser, "I can't find [any identification], you look for it." Cruser looked "through the contents," found a wallet, examined it, and discovered four tablets in one of its compartments. A temporary driver's license also found in the wallet showed that the defendant was 25 years old.

The defendant, testifying in her own behalf, stated that she was not 25 but 30 years old. She said that, after Brown was arrested, three police officers "cornered" her and told her she was "under arrest too," although it was later admitted that "they didn't arrest her." The defendant testified that Detective Cruser took her purse, "just dumped it out," and "went through" it. She claimed that she "had $100 in [her] purse, but it was missing" after the incident.

The four tablets found in the defendant's wallet were subsequently analyzed as phenobarbital, a controlled substance. Later, approximately four weeks after the incident at the massage parlor, the defendant was arrested and charged with possession of the drugs.

We will assume, without deciding, that Detective Cruser's examination of the defendant's wallet constituted a search. The crucial question then becomes whether the search was unreasonable.

A search conducted with the free and voluntary consent of the accused is not an unreasonable search. *See Rees v. Commonwealth*, 203 Va. 850, 866, 127 S.E.2d 406, 417 (1962), *cert. denied*, 372 U.S. 964 (1963). The burden, of course, is upon the Commonwealth to show that consent is freely and voluntarily given. *Bumper v. North Carolina*, 391 U.S. 543, 548 (1968). Whether consent is voluntary is a question of fact to be determined from all the circumstances. *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973).

The defendant contends that her consent to search was not free and voluntary "but was a submission to [Detective Cruser's] continued demand for the identification which she was unable to find." We are of opinion, however, that the Commonwealth fully carried its burden of proving that the defendant freely and voluntarily consented to the search which led to discovery of the incriminating drugs.

According to the Commonwealth's evidence, which the trial court accepted over the defendant's obviously untrustworthy version, the defendant was merely asked by Detective Cruser to produce identification indicating her age, the officer being uncertain whether she was

"18 years of age or under." Frustrated in her own efforts to find identification, the defendant emptied the contents of her purse, including her wallet, and told the officer to look for himself. This was an unequivocal display of a free and voluntary consent to search the contents, including the wallet in which the incriminating drugs were found.

Accordingly, the judgment of conviction will be affirmed.

*Affirmed.*