**Salem**

CLARENCE CAMDEN

v.

COMMONWEALTH OF VIRGINIA

No. 1928-92-3

Decided February 22, 1994

COUNSEL

Ross S. Haine (Haine and Murtagh, on brief), for appellant.

Thomas C. Daniel, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

COLEMAN, J.—In this criminal appeal, we hold that an officer's discovery of a pipe that was characteristic of the type used for smoking marijuana found during a consensual weapons "pat-down" of the person provided the officer with probable cause to search the individual for marijuana, including looking into his wallet, where the drug might be secreted. Because of the exigency presented by a roadside vehicle stop, the officer was not required to obtain a warrant to search the appellant. Thus, we hold that the warrantless search was valid, and the officers legally seized the LSD found in the appellant's wallet.

Deputy Sheriff Christopher Blaylock obtained a warrant to search Darren Whitesell and his automobile for drugs. On the same day, Blaylock stopped Whitesell's vehicle, patted down Whitesell, searched his vehicle, and searched the purses of two female passengers. Blaylock found no drugs or paraphernalia in the vehicle or on the persons searched.

A second officer, Deputy Conner, approached Clarence Camden, another passenger in Whitesell's vehicle, and asked if he could perform a "pat-down" search for weapons. Camden agreed and began removing items from his pockets. While patting down Camden's leather jacket, Conner felt a hard, metal-type object in the left hand pocket. Conner removed the object, which he described as "a plumbing-type valve and a little hose with threads on the end of it to screw into it." Blaylock recognized the object as a pipe used to smoke marijuana.

As Conner continued to pat down Camden, when Conner was nearing Camden's wallet, Camden pulled away, placed his hand on his wallet and stated that Conner had no right to search it. Conner pushed Camden against the automobile, and Blaylock forcibly removed Camden's wallet from his pocket. When Blaylock opened the wallet, he found blotter paper containing LSD.

A trial court's refusal to suppress evidence seized in a warrantless search will not be disturbed on appeal unless the holding is plainly wrong or without evidence to support it. *Commonwealth v. Grimstead*, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). When the Commonwealth bases its authority to conduct a warrantless search upon a claim that the defendant consented, the Commonwealth has the burden at trial to prove by a preponderance of the evidence that the consent was voluntary. *Lowe v. Commonwealth*, 218 Va. 670, 678, 239 S.E.2d 112, 117 (1977), *cert. denied*, 435 U.S. 930 (1978). The evidence supports the trial court's finding that Camden initially freely and voluntarily consented to a "pat-down" search for weapons. Camden not only agreed to Officer Conner's request for a weapons pat down, but he also began removing items from his pockets. *See Hairston v. Commonwealth*, 216 Va. 387, 388-89, 219 S.E.2d 668, 669 (1975) (consent valid when defendant emptied purse), *cert. denied*, 425 U.S. 937 (1976).

The fact that Camden voluntarily consented to be frisked for weapons does not, however, end the inquiry. "A consensual search is reasonable if the search is within the scope of the consent given." *Grinton v. Commonwealth*, 14 Va. App. 846, 850, 419 S.E.2d 860, 862 (1992). While Camden consented to a limited search — that is, the police could pat him down for objects reasonably believed to be weapons, *see Bolda v. Commonwealth*, 15 Va. App. 315, 318, 423 S.E.2d 204, 206 (1992), — he did not consent to an intrusive search of areas where the officer had no reason to believe that weapons might be secreted, such as his wallet. However, during the protective frisk, Conner felt a hard, metal-type object in Camden's jacket pocket. The object's size and character gave Conner a reasonable belief that it "could be a weapon," which justified Officer Conner in removing it from Camden's pocket. *Lansdown v. Commonwealth*, 226 Va. 204, 213, 308 S.E.2d 106, 112 (1983), *cert. denied*, 465 U.S. 1104 (1984); *see also Simmons v. Commonwealth*, 217 Va. 552, 556, 231 S.E.2d 218, 221 (1977); *Williams v. Commonwealth*, 4 Va. App. 53, 67, 354 S.E.2d 79, 87 (1987).

When the police removed the pipe, which due to its construction they believed was used for smoking marijuana, and continued the pat down search, Camden pulled away, placed his hand on his wallet, and announced to the officers that he did not consent to a search of his wallet. Camden thereby clearly withdrew any consent to be further searched at the time he objected to the officers removing his wallet. *See Bolda*, 15 Va. App. at 318, 423 S.E.2d at 206. Once Camden's

consent was withdrawn, the police were required to have probable cause to search him further.

■ "[P]robable cause is a flexible, common-sense standard [which] merely requires that the facts available to the officer would 'warrant a man of reasonable caution in the belief' . . . that certain items may be . . . useful as evidence of a crime." *Texas v. Brown*, 460 U.S. 730, 742 (1983). Camden's pipe, which Officer Blaylock recognized and identified as a device for smoking marijuana, gave the police officers probable cause to believe that he possessed drugs for use in the pipe. *See Carson v. Commonwealth*, 12 Va. App. 497, 502, 404 S.E.2d 919, 922, *aff'd en banc*, 13 Va. App. 280, 410 S.E.2d 412 (1991), *aff'd*, 244 Va. 293, 421 S.E.2d 415 (1992) (cut-off straw recognized as device used for "ingest[ing] cocaine through the[] nose[]" provided probable cause for seizure). "[A]n investigating officer does not have to 'deal with hard certainties, but with probabilities,' and is permitted to make 'common-sense conclusions about human behavior' in assessing a situation." *Id.* at 502, 404 S.E.2d at 922 (quoting *Brown*, 460 U.S. at 742).

The characteristics of the pipe and Officer Blaylock's knowledge that such a device was used to smoke marijuana provided the officers with a reasonable basis to believe that Camden possessed drugs. Thus, these facts gave the officers probable cause to search him for drugs. The fact that the pipe was of the type used for smoking marijuana distinguishes this case from the situation in *Harris v. Commonwealth*, 241 Va. 146, 400 S.E.2d 191 (1991), in which no probable cause to search for drugs existed because the officer discovered a facially innocent film canister and he had no particularized knowledge that it contained drugs or that drugs are commonly secreted in such containers. The officer was entitled to search Camden wherever the officer reasonably believed that drugs might be secreted, including Camden's wallet. The probable cause search of the wallet led to the discovery of the LSD. *See Lawson v. Commonwealth*, 217 Va. 354, 356, 228 S.E.2d 685, 686 (1976).

When probable cause arose to search Camden for drugs, this search was, of course, independent of the stop and search of the vehicle, which was conducted pursuant to a search warrant. The exigency of the situation presented by a roadside stop of the vehicle in which Camden was traveling justified the immediate search of him after probable cause arose without the officers being required to obtain another warrant. *See Wright v. Commonwealth*, 222 Va. 188, 193, 278

S.E.2d 849, 853 (1981). Accordingly, the trial judge did not err by denying Camden's motion to suppress the LSD, and, therefore, we affirm the conviction.

*Affirmed.*

Moon, C.J., and Willis, J., concurred.