COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Fitzpatrick and Annunziata
Argued at Richmond, Virginia


JOSE CABA

                                    MEMORANDUM OPINION* BY
v.        Record No. 1771-96-2      JUDGE LARRY G. ELDER
                                      SEPTEMBER 16, 1997
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        Donald W. Lemons, Judge

              Joseph W. Kaestner (Suzanne L. Nyfeler;
              Kaestner, Pitney & Jones, P.C., on briefs),
              for appellant.

              John K. Byrum, Jr., Assistant Attorney
              General (James S. Gilmore, III, Attorney
              General, on brief), for appellee.


     Jose Caba (appellant) appeals his conviction of possessing

cocaine with intent to distribute in violation of Code

§ 18.2-248.  He contends that the trial court erred when it

denied his motion to suppress 56.7 grams of cocaine obtained

during a search of his person.  He argues that the trial court

erred (1) when it found that he understood the questions posed by

Agent Koushel during the encounter that led to the search and (2)

when it concluded that he voluntarily consented to the search.

For the reasons that follow, we affirm.

                                A.

     "All searches without a valid warrant are unreasonable

unless shown to be within one of the well-delineated exceptions

_____
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

to the rule that a search must rest upon a valid warrant." Iglesias v. Commonwealth, 7 Va. App. 93, 107, 372 S.E.2d 170, 178 (1988) (citation omitted).  One such exception is a search conducted pursuant to a valid consent.  See Elliotte v. Commonwealth, 7 Va. App. 234, 238, 372 S.E.2d 416, 418-19 (1988) (citing Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S. Ct. 2041, 2043-44, 36 L.Ed.2d 854 (1973)).  The Commonwealth concedes that Agent Koushel searched appellant without a warrant and that he did not reasonably suspect appellant of criminal activity when he approached him.

The Fourth Amendment requires "that a consent [to a search] not be coerced, by explicit or implicit means . . . ." Schneckloth, 412 U.S. at 228, 93 S. Ct. at 2048.  An accused's consent to a search must be more than "mere acquiescence" to a police officer's "claim of lawful authority."  Bumper v. North Carolina, 391 U.S. 543, 548-49, 88 S. Ct. 1788, 1792, 20 L.Ed.2d 797 (1968); see also Deer v. Commonwealth, 17 Va. App. 730, 735, 441 S.E.2d 33, 36 (1994).  "'Consent' that is the product of official intimidation or harassment is not consent at all." Florida v. Bostick, 501 U.S. 429, 438, 111 S. Ct. 2382, 2388, 115 L.Ed.2d 389 (1991).

When the Commonwealth seeks to justify a warrantless search on the basis of consent, it bears the burden of proving by a preponderance of the evidence that the consent was voluntary. See Camden v. Commonwealth, 17 Va. App. 725, 727, 441 S.E.2d 38,

2

39 (1994); see also Bumper, 391 U.S. at 548, 88 S. Ct. at 1792. In order to determine whether consent to a particular search was "voluntary," the test is whether the search is "the product of an essentially free and unconstrained choice" or whether the consenter's "will has been overborne and his capacity for self-determination critically impaired." Schneckloth, 412 U.S. at 225-26, 229, 93 S. Ct. at 2047, 2049; see Lowe v. Commonwealth, 218 Va. 670, 678, 239 S.E.2d 112, 117 (1977).

> [T]he question whether a consent to a search was in fact "voluntary" or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances.

Schneckloth, 412 U.S. at 227, 93 S. Ct. at 2047-48; see Lowe, 218 Va. at 678, 239 S.E.2d at 117.

When considering the circumstances of a particular case, a court must consider both the details of the police conduct and the characteristics of the accused. See Schneckloth, 412 U.S. at 226, 229, 93 S. Ct. at 2047, 2049. Among the characteristics of the accused that are factors in the court's decision are his or her age, education, intelligence, and knowledge and notice of his constitutional right to refuse consent. See id. at 226, 227, 93 S. Ct. at 2047, 2048 (stating that "knowledge of the right to refuse consent is one factor to be taken into account"). An accused's ability to understand the police officer's request for consent to be searched is also a factor, and the Commonwealth's burden of proving that consent to a search was voluntarily given

3

is heavier when it appears to the trial court that the accused did not understand the language in which the officer made his request for consent.  See United States v. Wai Lau, 215 F.Supp. 684, 686 (S.D.N.Y. 1963), judgment aff'd, 329 F.2d 310 (2d Cir. 1964) (citing Kovach v. United States, 53 F.2d 639, 639 (6th Cir. 1931)).

Appellant contends that the Commonwealth was required to prove (1) that he knew of his Fourth Amendment right to refuse to consent at the time of Agent Koushel's search and (2) that he was sufficiently proficient in the English language to understand that Agent Koushel was not ordering him to submit to a search. Appellant argues that the Fourth Amendment imposes such a requirement upon the Commonwealth when the accused alleges that he or she lacked the language skills to understand the police officer who conducted the warrantless search.  We disagree.

Since Schneckloth, the determination of whether consent to a search was voluntary has been based upon an analysis of the totality of the circumstances.  See 412 U.S. at 227, 93 S. Ct. at 2047-48.  Although many factors are considered, no particular factor, such as the accused's knowledge of his constitutional rights at the time of the search, is dispositive.  See id.  In fact, recent Fourth Amendment jurisprudence has consistently eschewed bright line rules in this area.  See Ohio v. Robinette, ___ U.S. ___, ___, 117 S. Ct. 417, 419, 136 L.Ed.2d 347 (1996) (rejecting a bright-line rule requiring a police officer to

4

inform a suspect that he is "free to go" before requesting his consent to be searched); Bostick, 501 U.S. at 438-39, 111 S. Ct. at 2388 (rejecting a per se rule that random bus searches are unconstitutional); Schneckloth, 412 U.S. at 227, 93 S. Ct. at 2047-48 (rejecting a rule requiring the prosecution to establish knowledge of the right to refuse consent as the "sine qua non of effective consent"). Thus, we hold that the Fourth Amendment does not require the Commonwealth to establish any per se elements in order to meet its burden of proving that a consent search was voluntary just because an accused has alleged that he or she lacked the ability to comprehend spoken English at the time of the search.

B.

Turning to appellant's assignments of error, we hold that the trial court's factual finding that appellant "understood the questions asked" by Agent Koushel was not clearly erroneous. In addition, based upon our review of the totality of the circumstances, we hold that appellant's consent to the search by Agent Koushel was voluntary.

On appeal from a trial court's denial of a motion to suppress, the burden is on the appellant to show that the trial court's decision constituted reversible error. See Stanley v. Commonwealth, 16 Va. App. 873, 874, 433 S.E.2d 512, 513 (1993). We view the evidence in the light most favorable to the prevailing party, granting to it all reasonable inferences fairly

deducible therefrom.   See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).   We review the trial court's findings of historical fact only for "clear error," but we review the trial court's application of defined legal standards to the particular facts of a case, such as determinations of reasonable suspicion and probable cause, de novo.   See Shears v. Commonwealth, 23 Va. App. 394, 398, 477 S.E.2d 309, 311 (1996); see also Ornelas v. United States, U.S. ___, ___, 116 S. Ct. 1657, 1662, 134 L.Ed.2d 911 (1996). Determining whether an accused's consent to a warrantless search was "voluntary" is based on the application of judicially declared standards.   See Thompson v. Louisiana, 469 U.S. 17, 23, 105 S. Ct. 409, 412, 83 L.Ed.2d 246 (1984).   Thus, we review the trial court's determination that appellant voluntarily consented to Agent Koushel's search de novo.

First, the trial court's finding of historical fact that appellant understood the substance of Agent Koushel's questions was not clearly erroneous.   Agent Koushel's testimony describing his interaction with appellant indicates that appellant answered the agent's questions responsively and with little difficulty. Agent Koushel also testified that he does not speak Spanish and that, during prior interdictions, he had encountered Spanish-speaking people who required the aid of an interpreter to communicate with him.   He testified that, unlike other Spanish-speaking people, appellant appeared to understand all of

6

his questions. Agent Koushel's testimony provides ample support for the trial court's finding that appellant understood what the agent was asking him.

We also conclude that appellant's consent to be searched by Agent Koushel was voluntarily given. The record does not indicate that Agent Koushel engaged in any conduct that coerced appellant to consent to the agent's request to search him. First, Agent Koushel approached appellant and started conversing with him in a manner that would not make a reasonable person feel that he was not free to go about his business. See Bostick, 501 U.S. at 434, 111 S. Ct. at 2386 (citing California v. Hodari D., 499 U.S. 621, 628, 111 S. Ct. 1547, 1552, 113 L.Ed.2d 690 (1991)). Agent Koushel approached appellant in the bus terminal and, in a "friendly, conversational" tone of voice, asked if appellant "would mind" speaking to him and if the agent could take a "quick look" at appellant's bus ticket.

In addition, the evidence does not indicate that Agent Koushel obtained appellant's consent to be searched through intimidation, harassment, a claim of lawful authority, or other acts that impaired appellant's capacity for self-determination. After returning the bus ticket to appellant, Agent Koushel asked appellant if he "could check him and his bag for contraband." Appellant replied, "yes." After appellant agreed to move to a nearby office, Agent Koushel renewed his request to "check" appellant, and appellant responded by facing Agent Koushel and

7

opening his coat.  Agent Koushel testified that he never displayed his weapon or touched appellant before the two moved to the office and that he spoke in a low, conversational tone of voice.  Moreover, the record establishes that Agent Koushel phrased his request to search appellant in a manner that required an affirmative response from appellant and that the agent at no time claimed that he was legally authorized to search appellant.

Because Agent Koushel's warrantless search was performed pursuant to appellant's voluntary consent, the trial court did not err when it denied appellant's motion to suppress.

For the foregoing reasons, we affirm the conviction of possession of cocaine with intent to distribute.

Affirmed.