COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Willis and Elder
Argued at Richmond, Virginia


LEONARD SHELTON JACKSON

MEMORANDUM OPINION[*] BY
v.    Record No. 0036-96-2    CHIEF JUDGE NORMAN K. MOON
NOVEMBER 4, 1997
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
James B. Wilkinson, Judge

Maureen L. White (Theodore Tondrowski;
Grennan & Tondrowski, on brief), for
appellant.

Marla G. Decker, Assistant Attorney General
(Richard Cullen, Attorney General; Steven A.
Witmer, Assistant Attorney General, on
brief), for appellee.


Leonard Shelton Jackson ("Jackson") was convicted of
possession of cocaine with an intent to distribute and
distribution of cocaine, both in violation of Code § 18.2-248.
Jackson contends that the cocaine on which his conviction rests
was illegally seized and, thus, the trial judge erred in
declining to suppress that evidence.  Finding no error, we affirm
the convictions.

On May 9, 1995, police officers received a tip from an
informant who had previously provided the police with reliable
information.  The informant identified Jackson by name, claimed
he was selling drugs, and predicted where he would be found and

---

[*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

the car he would be using. The officers drove to the location identified by the informant and saw both Jackson and the car identified by the informant. The officers saw Jackson and Nelson Washington ("Washington") get into the car, with Washington driving.

The officers checked the car's license plate number and discovered that the plates were for a different car owned by Washington. They also learned that Washington's license was suspended. The officers stopped the car and told Washington that his plates were wrong and his license had been suspended. They also told him that they had been told that the car he was driving was being used to transport drugs.

An officer asked Washington to consent to a search, and he consented. The officer discovered cocaine on Washington. The officer then told Jackson why they stopped the car and that they had information that Jackson was transporting drugs. The officer asked Jackson to consent to a search, and he consented. The officer began searching Jackson, but when he reached to search his pants leg, Jackson ran. The officers apprehended Jackson and arrested him, discovering cocaine in his pants leg.

In reviewing a trial court's denial of a motion to suppress, the appellant has the burden to show that, considering the evidence in the light most favorable to the Commonwealth, the ruling constituted reversible error. Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, cert. denied, 449 U.S. 1017 (1980). "`Ultimate questions of reasonable suspicion and

probable cause to make a warrantless search' involve questions of both law and fact and are reviewed <u>de novo</u> on appeal," <u>McGee v. Commonwealth</u>, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (<u>en banc</u>) (quoting <u>Ornelas v. United States</u>, ___ U.S. ___, ___, 116 S. Ct. 1657, 1659 (1996)), but "we are bound by the trial court's findings of historical fact unless `plainly wrong' or without evidence to support them, and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers.'" <u>Id.</u> at 198, 487 S.E.2d at 261 (citing <u>Ornelas</u>, ___ U.S. at ___, 116 S. Ct. at 1663).

Although the initial search of Jackson was consensual, his flight implied a withdrawal of consent. Once consent is withdrawn, the Fourth Amendment is implicated and police are required to have probable cause to search further. <u>Camden v. Commonwealth</u>, 17 Va. App. 725, 727-28, 441 S.E.2d 38, 40 (1994); <u>see</u> <u>Payne v. Commonwealth</u>, 14 Va. App. 86, 88, 414 S.E.2d 869, 870 (1992) (citing <u>Florida v. Bostick</u>, 501 U.S. 429, 434 (1991)).

After verifying the reliable informant's identification of Jackson, his location, and the car he was using, the officers searched Jackson's companion, Washington, and found cocaine. Jackson then consented to a search. When Jackson fled, he impliedly withdrew consent. Nevertheless, the officers' verification of the informant's information, their discovery of Washington's possession of cocaine, and, most importantly, Jackson's flight, together gave the officers probable cause to search Jackson. <u>Compare</u> <u>McGee</u>, 25 Va. App. at 203, 487 S.E.2d at

264 (holding that police lacked probable cause to search because informant was an anonymous tipster, no evidence established the reliability of the tipster, and the police did not observe any suspicious conduct), with James v. Commonwealth, 8 Va. App. 98, 101-02, 379 S.E.2d 378, 380 (1989) (noting that flight helps support a finding of probable cause), and Quigley v. Commonwealth, 14 Va. App. 28, 33 nn.5-6, 414 S.E.2d 851, 854 nn.5-6 (1992) (noting that fight alone may constitute "`"reasonable suspicion" when made in the face of lawful authority'" and can "`color[] conduct which hitherto had appeared innocent'") (quoting United States v. Lane, 909 F.2d 895, 899 (6th Cir. 1990), cert. denied, 498 U.S. 1093 (1991)).

For the foregoing reasons, we affirm.

Affirmed.