COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Clements and Agee
Argued at Richmond, Virginia


CHARLES DELK

                                        MEMORANDUM OPINION* BY
v.    Record No. 2498-00-2              JUDGE LARRY G. ELDER
                                          DECEMBER 27, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      James B. Wilkinson, Judge

            Gregory W. Franklin, Assistant Public
            Defender (Office of the Public Defender, on
            brief), for appellant.

            Marla Graff Decker, Assistant Attorney
            General (Randolph A. Beales, Attorney
            General, on brief), for appellee.


     Charles Delk (appellant) appeals from his bench trial

conviction for possession of cocaine with intent to distribute.

We hold the evidence, viewed in the light most favorable to the

Commonwealth, provided reasonable suspicion that appellant was

trespassing and supported a finding that he possessed the

cocaine found on his person with an intent to distribute it, and

we affirm the conviction.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

A.

MOTION TO SUPPRESS

On appeal of the denial of a motion to suppress, we view the evidence in the light most favorable to the Commonwealth. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them," McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc), but we review de novo the trial court's application of defined legal standards such as reasonable suspicion to the particular facts of the case, see Ornelas v. United States, 517 U.S. 690, 699, 116 S. Ct. 1657, 1663, 134 L. Ed. 2d 911 (1996).

In order to justify a Terry stop, an officer must have a "reasonable and articulable suspicion of criminal activity on the part of the defendant." Commonwealth v. Holloway, 9 Va. App. 11, 15, 384 S.E.2d 99, 101 (1989). An officer who develops such a reasonable suspicion may stop a person "in order to identify him, to question him briefly, or to detain him briefly while attempting to obtain additional information" to confirm or dispel his suspicions. Hayes v. Florida, 470 U.S. 811, 816, 105 S. Ct. 1643, 1647, 84 L. Ed. 2d 705 (1985).

An officer may not search a suspect simply because he is effecting a Terry stop, see, e.g., Adams v. Williams, 407 U.S. 143, 146, 92 S. Ct. 1921, 1923, 32 L. Ed. 2d 612 (1972), but he

-

may do so if he obtains the suspect's consent, see, e.g., Reynolds v. Commonwealth, 9 Va. App. 430, 439, 388 S.E.2d 659, 665 (1990). "The mere fact that a person is in custody at the time he . . . consents to a search is not sufficient in itself to demonstrate a coerced consent to search." Id.; see Gray v. Commonwealth, 233 Va. 313, 327, 356 S.E.2d 157, 164 (1987) (holding fact that suspect was under arrest and in handcuffs did not prevent him from giving valid consent for search of his car). The question whether "a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." Schneckloth v. Bustamonte, 412 U.S. 218, 227, 93 S. Ct. 2041, 2048, 36 L. Ed. 2d 854 (1973). The Commonwealth bears the burden of proving voluntariness by a preponderance of the evidence. See Camden v. Commonwealth, 17 Va. App. 725, 727, 441 S.E.2d 38, 39 (1994).

The evidence here, viewed in the light most favorable to the Commonwealth, provided Officer LaMonte P. Tucker with reasonable suspicion to believe appellant was trespassing, which justified Officer Tucker's decision to place appellant under investigative detention while he attempted to obtain additional information to confirm or dispel his suspicions. During a consensual encounter, appellant told Officer Tucker he was visiting his girlfriend, but he merely "pointed in the general direction of a building" in which he claimed his girlfriend

-

resided.  Appellant did not identify a specific building or provide his girlfriend's address or apartment number when requested to do so.  Appellant also said his companion was his cousin, but appellant was unable to give his companion's last name and then admitted that the companion was not, in fact, his cousin.  Appellant's continued inability to justify his presence on the premises during the consensual encounter provided Officer Tucker with reasonable suspicion to detain appellant briefly in order to investigate further.

In addition, the evidence supported the trial court's finding that appellant's consent to the search was voluntary. The encounter occurred in broad daylight.  Although it involved two uniformed officers, only Officer Tucker approached appellant, and neither officer exhibited any other show of authority until Officer Tucker told appellant he was placing him under investigative detention.  Appellant was "[p]retty calm" once detained, and Officer Tucker obtained permission to handcuff appellant, telling appellant specifically that he was not under arrest.  When appellant said, "[Y]es," to Tucker's inquiry about whether he minded if Tucker searched him, Tucker inquired again, this time rephrasing his question to determine whether appellant's response indicated that Tucker could search him or instead indicated that he would mind if Tucker searched him.  When Tucker asked appellant two more times, "I can search

-

you?", appellant responded, "[Y]es," making clear to Tucker that he consented to be searched.

Thus, the evidence, viewed in the light most favorable to the Commonwealth, supported the trial court's express finding that there was "no coercion whatsoever," and we hold the trial court's denial of the motion to suppress was not erroneous.

B.

SUFFICIENCY OF EVIDENCE TO PROVE INTENT TO DISTRIBUTE

We examine the evidence in the light most favorable to the Commonwealth, granting to its evidence all reasonable inferences fairly deducible therefrom.  See, e.g., Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). Circumstantial evidence is as competent as direct evidence to prove the elements of a crime as long as the evidence as a whole excludes all reasonable hypotheses of innocence flowing from it. See, e.g., Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994).  Intent may be proved by circumstantial evidence, including the quantity of drugs and cash possessed, the method of packaging, and whether appellant himself used drugs.  Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988); Hambury v. Commonwealth, 3 Va. App. 435, 438, 350 S.E.2d 524, 525 (1986).

Officer David Naoroz, who qualified as an expert in street level narcotics packaging and distribution, testified that appellant's possession of 1.626 grams of cocaine packaged in

-

twelve individual packages without simultaneous possession of a smoking device was inconsistent with personal use because someone using that quantity of drugs himself "would usually buy that amount [in] a few [big] chunks, not 12 [smaller] chunks" and would have a smoking device in his possession.  The evidence also established that appellant, who had no job, was found in possession of more than two hundred dollars in cash.  Thus, the only reasonable hypothesis flowing from the evidence, viewed in the light most favorable to the Commonwealth, was that appellant possessed the cocaine with the intent to distribute it rather than use it himself.

For these reasons, we hold that the trial court's denial of appellant's motion to suppress was not erroneous and that the evidence was sufficient to prove appellant intended to distribute the crack cocaine found in his possession. Therefore, we affirm his conviction.

<u>Affirmed.</u>