COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Humphreys and Senior Judge Coleman
Argued at Alexandria, Virginia


BRUCE JEROME JONES

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 0733-06-4          JUDGE ROBERT J. HUMPHREYS
                                                SEPTEMBER 4, 2007

COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                        John E. Kloch, Judge

        Paul E. Pepper, Deputy Public Defender, for appellant.

        Joanne V. Frye, Assistant Attorney General (Robert F. McDonnell,
        Attorney General; Denise C. Anderson, Assistant Attorney General,
        on brief), for appellee.


        Bruce Jerome Jones ("Jones") appeals his convictions for possession of cocaine with

intent to distribute, possession of a firearm after previously being convicted of a violent felony,

and possession of a firearm while in possession of cocaine, in violation of Code §§ 18.2-248,

18.2-308.2, and 18.2-308.4, respectively.  Jones argues on appeal that his initial detention was

not supported by reasonable, articulable suspicion, and thus his consent to search the car was

invalid, as it was a "fruit of the poisonous tree."  For the following reasons, we affirm the trial

court.

                                        ANALYSIS

        In reviewing the denial of a motion to suppress based on the alleged violation of an

individual's Fourth Amendment rights, we consider the facts in the light most favorable to the

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth. Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980). The burden is on the defendant to show that the trial court committed reversible error, id., and we are bound by the trial court's factual findings unless those findings are "plainly wrong" or without evidence to support them, Pyramid Development, L.L.C. v. D & J Associates, 262 Va. 750, 753, 553 S.E.2d 725, 727 (2001). However, the trial court's application of the law is reviewed *de novo*. Brown v. Commonwealth, 270 Va. 414, 419, 620 S.E.2d 760, 762 (2005).

## A. The Initial Stop

In appropriate circumstances, a police officer may detain a person for the purpose of investigating possible criminal behavior, even though there is no probable cause to make an arrest. Terry v. Ohio, 392 U.S. 1, 22 (1968); see also Ewell v. Commonwealth, 254 Va. 214, 217, 491 S.E.2d 721, 722 (1997). However, in order to justify the brief seizure of a person by such an investigatory stop, the police officer must "have a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity." Whitfield v. Commonwealth, 265 Va. 358, 361, 576 S.E.2d 463, 464 (2003) (citing Brown v. Texas, 443 U.S. 47, 51 (1979)). A court must consider the totality of the circumstances to determine whether a police officer had a particularized and objective basis for suspecting that the person stopped may be involved in criminal activity. Ewell, 254 Va. at 217, 491 S.E.2d at 722-23 (citing United States v. Cortez, 449 U.S. 411, 417-18 (1981)).

In this case, Jones was in possession of a car that had been reported stolen. Clearly, this satisfies the "reasonable suspicion" standard allowing Officer Seckler to approach Jones and briefly detain him in order to investigate whether Jones lawfully possessed the vehicle. As such, we disagree with Jones that he was unlawfully detained, in violation of his Fourth Amendment rights, and that the items recovered pursuant to the subsequent searches of his person and the vehicle were "fruits of the poisonous tree." Because we hold that Jones was subject to a lawful

Terry stop, we must next determine whether Jones's subsequent consent to search the vehicle was valid.

## B. Consent to Search

"The Fourth Amendment test for a valid consent to search is that the consent be voluntary, and 'voluntariness is a question of fact to be determined from all the circumstances.'" Ohio v. Robinette, 519 U.S. 33, 40 (1996) (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 248-49 (1973)). This is not a bright-line rule, as "the proper inquiry necessitates a consideration of 'all the circumstances surrounding the encounter.'" Id. at 39 (quoting Florida v. Bostick, 501 U.S. 429, 439 (1991)).

"The fact that the defendant has been lawfully seized at the time consent is given does not in itself invalidate the consent," Deer v. Commonwealth, 17 Va. App. 730, 735, 441 S.E.2d 33, 36 (1994) (citing Reynolds v. Commonwealth, 9 Va. App. 430, 439, 388 S.E.2d 659, 665 (1990)), nor do police have to warn a suspect who has been lawfully seized that he has a right to refuse the search, Schneckloth, 412 U.S. at 227. However, the consent must be "the product of an essentially free and unconstrained choice by its maker," and the defendant's will must not have "been overborne and his capacity for self-determination [must not have been] critically impaired." Lowe v. Commonwealth, 218 Va. 670, 678, 239 S.E.2d 112, 117 (1977) (citing Schneckloth, 412 U.S. at 225). A search conducted with the free and voluntary consent of the accused is not an unreasonable search, but the burden is upon the Commonwealth to show that consent is freely and voluntarily given. Hairston v. Commonwealth, 216 Va. 387, 388, 219 S.E.2d 668, 669 (1975) (citing Rees v. Commonwealth, 203 Va. 850, 866, 127 S.E.2d 406, 417 (1962)).

In Lowe, the Supreme Court of Virginia affirmed a trial court's finding of consent when the defendant was in custody, handcuffed, sitting on the floor, and surrounded by armed officers.

218 Va. at 677-78, 239 S.E.2d at 117. Because the officer's guns were not drawn, there were no threats or promises, and the officers read and explained a search form to the defendant, the Court held that the trial court did not err in holding that the defendant nevertheless gave verbal consent to search. Id. at 678, 239 S.E.2d at 117. In other words, the defendant's consent was "'the product of an essentially free and unconstrained choice by its maker[,]'" and [the] defendant's will had not 'been overborne and his capacity for self-determination [had not been] critically impaired.'" Id. (quoting Schneckloth, 412 U.S. at 225).

In this case, although Jones was seized for purposes of the Fourth Amendment, he was not restrained in any manner. In fact, he was allowed to remain on the sidewalk with another officer while Seckler confirmed the status of the vehicle. At no time during the encounter did either officer ever make any threats toward Jones, nor did either officer draw his weapon until after Jones fled the scene. In fact, Seckler's weapon was never visible during the initial stages of the stop. Moreover, although Seckler did not read Jones a consent form, he gave Jones the option of denying the request to search. Specifically, he stated, "Can I search it, *yes or no*." When compared against the facts presented in Lowe, we cannot say that Jones's will was ever overborne, nor was his capacity for self-determination critically impaired. Accordingly, we hold that the trial court did not err in finding that Jones's consent to search the vehicle was valid and, thus, that the search did not violate Jones's Fourth Amendment rights.

CONCLUSION

We hold that Seckler had reasonable suspicion to detain Jones for a Terry stop. We also hold that during the stop, Jones voluntarily consented to a search of his vehicle. Accordingly, we hold that neither the seizure nor the search were in violation of Jones's Fourth Amendment rights. Thus, we affirm the trial court.

Affirmed.

- 4 -