COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Powell and Senior Judge Coleman
Argued at Richmond, Virginia


CLIFFORD SAMY

v.        Record No. 0279-08-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE LARRY G. ELDER
APRIL 28, 2009


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Margaret P. Spencer, Judge

John B. Mann (John B. Mann, P.C., on briefs), for appellant.

Joanne V. Frye, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


Clifford Samy (appellant) appeals from his bench trial conviction for possessing cocaine

with an intent to distribute in violation of Code § 18.2-248.  On appeal, he contends the trial

court's denial of his motion to suppress was error and that the evidence was insufficient to prove

he intended to distribute the cocaine he was carrying.  We hold the trial court did not err, and we

affirm appellant's conviction.

I.

A.

MOTION TO SUPPRESS

On appeal of the denial of a motion to suppress, we view the evidence in the light most

favorable to the Commonwealth.  Mills v. Commonwealth, 14 Va. App. 459, 468, 418 S.E.2d

718, 723 (1992).  "[T]he trial court, acting as fact finder, must evaluate the credibility of the

--------------------

   [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

witnesses . . . and resolve the conflicts in their testimony . . . ." Witt v. Commonwealth, 215 Va. 670, 674, 212 S.E.2d 293, 297 (1975). Thus, on appeal, we "must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998). "[W]e are bound by the trial court's findings of historical fact[, whether express or implicit,] unless 'plainly wrong' or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc). We review *de novo* the trial court's application of defined legal standards such as whether a seizure has occurred and whether probable cause or reasonable suspicion supported a seizure or search. Ornelas v. United States, 517 U.S. 690, 699, 116 S. Ct. 1657, 1663, 134 L. Ed. 2d 911, 920 (1996).

"A seizure occurs when an individual is either physically restrained or has submitted to a show of authority." McGee, 25 Va. App. at 199, 487 S.E.2d at 262. "Whether a seizure has occurred . . . depends upon whether, under the totality of the circumstances, a reasonable person would have believed that he or she was not free to leave." Id. at 199-200, 487 S.E.2d at 262.

> Various factors have been identified as relevant in determining whether a seizure has occurred, including the threatening presence of a number of police officers, the display of weapons by officers, physical contact between an officer and a citizen, an officer's language or tone of voice compelling compliance, the retention of documents requested by an officer, and whether a citizen was told that he or she was free to leave. The decision whether the encounter was consensual must be made based on the totality of the circumstances.

Harris v. Commonwealth, 266 Va. 28, 32, 581 S.E.2d 206, 209 (2003) (citations omitted).

"Voluntariness [of consent to a search] is a question of fact to be determined from all the circumstances . . . ." Schneckloth v. Bustamonte, 412 U.S. 218, 248-49, 93 S. Ct. 2041, 2059, 36

L. Ed. 2d 854, 875 (1973). When the Commonwealth seeks to justify a warrantless search on the basis of consent, it bears the burden of proving by a preponderance of the evidence that the consent was voluntary. Camden v. Commonwealth, 17 Va. App. 725, 727, 441 S.E.2d 38, 39 (1994). In order to determine whether a consent to search was "voluntary," the test is whether the consent to search is "'the product of an essentially free and unconstrained choice'" or whether the individual's "'will has been overborne and his capacity for self-determination critically impaired.'" Schneckloth, 412 U.S. at 225-26, 229, 93 S. Ct. at 2047, 2049, 36 L. Ed. 2d at 862, 864 (quoting Culombe v. Connecticut, 367 U.S. 568, 602, 81 S. Ct. 1860, 1879, 6 L. Ed. 2d 1037, 1057-58 (1961)); see Lowe v. Commonwealth, 218 Va. 670, 678, 239 S.E.2d 112, 117 (1977). Compare Reittinger v. Commonwealth, 260 Va. 232, 532 S.E.2d 25 (2000) (holding seizure which led to the discovery of contraband was not reasonable where the stop occurred in a rural area at nighttime, several officers continued to flank the vehicle after the driver was told he was free to leave, and the officers made three successive requests for permission to search before the driver exited the vehicle and the officers noticed a bulge in his pocket), with Dickerson v. Commonwealth, 35 Va. App. 172, 543 S.E.2d 623 (2001) (holding consent to search was valid where only one of two officers at the scene interacted with the driver, and when the driver, who had been standing outside his car, was told he was free to leave and was allowed to re-enter his vehicle before a single officer inquired whether the car contained anything "[he] 'should know about'").

Here, we assume without deciding that appellant was seized when Officer Jeremy Sayles (1) told appellant he could not park in the posted lot or stop moving traffic and (2) retained appellant's identification long enough to use it to check for outstanding warrants. The evidence, viewed in the light most favorable to the Commonwealth, established that appellant was not handcuffed or restrained in any other way during this period of time. Although Officer Sayles's

companion officers arrested and handcuffed appellant's passenger after learning a warrant for his arrest was outstanding, Officer Sayles returned appellant's identification and told appellant he was free to leave. These events occurred during afternoon hours in a parking lot exposed to public view. Appellant, who had been in the driver's seat of the sport utility vehicle and presumably had the keys, acknowledged knowing he was free to leave, and appellant expressly stated he desired to stay at the scene "to see if his friend was okay." Officer Amanda Acuff was in the police vehicle at the time, and Officer Jeffrey Crewell then placed appellant's friend in the police vehicle and climbed in, as well. When only Officer Sayles and appellant remained standing outside the vehicle, about two minutes after appellant acknowledged understanding he was free to leave, Officer Sayles "asked" appellant whether he had "anything illegal . . . on his person," "any contraband[,] . . . weapons or such." Appellant immediately responded, "No," "kind of raised his hands" in a manner Officer Sayles demonstrated at trial, and said, "[Y]ou can search me if you want."

As appellant conceded at oral argument on appeal, the trial court, as the finder of fact, was entitled to accept Officer Sayles's testimony as credible and to reject appellant's testimony that he did not consent to the search. Officer Sayles's testimony, viewed in the light most favorable to the Commonwealth, supported a finding that appellant was not seized when Officer Sayles asked for consent to search him and that appellant voluntarily consented to be searched before Officer Sayles frisked him and discovered the cocaine in his sock. Thus, the evidence supported the trial court's ruling denying the motion to suppress.

B.

SUFFICIENCY OF THE EVIDENCE TO PROVE INTENT TO DISTRIBUTE

Under familiar principles of appellate review relating to the sufficiency of the evidence, we must examine the evidence in the light most favorable to the Commonwealth, granting to the

evidence all reasonable inferences fairly deducible therefrom. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The trier of fact is free to believe or disbelieve, in whole or in part, the testimony of any witness. Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991). "Determining the credibility of witnesses who give conflicting accounts is within the exclusive province of the [fact finder], which has the unique opportunity to observe the demeanor of the witnesses as they testify." Lea v. Commonwealth, 16 Va. App. 300, 304, 429 S.E.2d 477, 479 (1993). The conclusions of the fact finder on issues of witness credibility may be disturbed on appeal only if this Court finds that the testimony accepted by the court was "inherently incredible, or so contrary to human experience as to render it unworthy of belief." Fisher v. Commonwealth, 228 Va. 296, 299-300, 321 S.E.2d 202, 204 (1984). These principles require us, on appeal, to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Wright v. Commonwealth, 196 Va. 132, 137, 82 S.E.2d 603, 606 (1954).

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). In cases lacking direct evidence of drug distribution, intent to distribute "must be shown by circumstantial evidence," Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988), such as a person's conduct and statements, Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989). Circumstances that shed light on the accused's specific intent regarding illegal drugs in his possession include the quantity and method of packaging of the drugs possessed by him and the presence or absence of drug paraphernalia. Shackleford v. Commonwealth, 32 Va. App. 307, 327, 528 S.E.2d 123, 133 (2000), aff'd, 262 Va. 196, 547

S.E.2d 899 (2001). "'Possession of a quantity greater than that ordinarily possessed for one's personal use may be sufficient to establish an intent to distribute it.'" Gregory v. Commonwealth, 22 Va. App. 100, 110, 468 S.E.2d 117, 122 (1996) (finding sufficient evidence of intent to distribute based on possession of seven baggies containing a total of 3.7 grams of cocaine) (quoting Iglesias v. Commonwealth, 7 Va. App. 93, 110, 372 S.E.2d 170, 180 (1988) (en banc)); see also Hunter v. Commonwealth, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973) (holding proof that the quantity of drugs possessed exceeds an amount normally possessed for personal use, without more, can be sufficient to show an intent to distribute).

Expert testimony may be considered in determining whether a defendant intended to distribute an illegal substance. Davis v. Commonwealth, 12 Va. App. 728, 733, 406 S.E.2d 922, 925 (1991). "The quantum of evidence necessary to prove an intent to distribute depends on the facts and circumstances of each case." Askew v. Commonwealth, 40 Va. App. 104, 110, 578 S.E.2d 58, 61 (2003).

Here, Officer Sayles testified appellant was in possession of a single rock of crack cocaine weighing 2.385 grams. Officer Sayles found no other contraband on appellant's person and no "paraphernalia or injection devices." Although appellant later claimed he was under the influence of cocaine at the time of his arrest, Officer Sayles testified he saw no indication that appellant was under the influence of narcotics during their encounter. Further, Officer Sayles was found qualified to testify as an expert in the street level distribution of narcotics. Officer Sayles testified that, based on his training and his eight years of experience on the police force, a mere user would typically have two or three "hits" of crack cocaine in his possession at one time and that the greatest number of hits he had ever seen was four. He explained the size of a "usual hit" is one-tenth of a gram for $10 but that "[s]ometimes it will be a $20 rock." Although the quantity of cocaine in appellant's possession was "[n]ot at that point" packaged for distribution,

Officer Sayles also indicated he found a set of digital scales bearing what he believed to be cocaine residue, along with "packag[ing] materials" and "scissors to cut the baggies up" in the residence appellant shared with his girlfriend. Finally, Officer Sayles testified that based on "the totality of circumstances," including appellant's possession of a single rock of 2.385 grams of crack cocaine, which would have a street value of $230 if sold as single "hits" of one-tenth of a gram each, appellant's possession of that quantity of cocaine was inconsistent with possession of the drug for personal use.

The trial court was entitled to reject appellant's testimony that he possessed the crack cocaine wholly for personal use and that he smoked it with marijuana in Philly Blunt cigars. Although appellant testified he was under the influence of crack and marijuana at the time of his arrest, having just smoked the substances at a friend's house, Officer Sayles saw no sign that appellant was under the influence of narcotics at that time. Thus, the trial court was entitled, as it did, to reject appellant's testimony as not credible. Once the court did so, the only reasonable hypothesis flowing from the evidence remaining in the record, viewed in the light most favorable to the Commonwealth, was that appellant possessed the single rock of 2.385 grams of crack cocaine with an intent to distribute it, using the scales with residue, bags, and scissors in his home to divide and repackage it for distribution.

We hold the evidence as a whole, viewed in the light most favorable to the Commonwealth, supported the trial court's finding that appellant possessed the cocaine with the requisite intent to distribute.

## II.

For these reasons, we affirm appellant's conviction.

Affirmed.