**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond, on Friday, the 15th day of January, 2010.

Michael Dwayne Vaughn,                                          Appellant,

   against    Record No. 090856
              Court of Appeals No. 2564-07-3

Commonwealth of Virginia,                                       Appellee.

Upon an appeal from a judgment rendered by the Court of Appeals of Virginia.

Upon consideration of the record, briefs, and argument of counsel, the Court affirms the judgment of the Court of Appeals but vacates its opinion in part.

The defendant, Michael Dwayne Vaughn, was convicted and sentenced in the Circuit Court of Henry County for grand larceny in violation of Code § 18.2-95.  The Court of Appeals affirmed the circuit court's judgment.  Vaughn v. Commonwealth, 53 Va. App. 643, 653-54, 674 S.E.2d 558, 563 (2009).  Vaughn asserts that the Court of Appeals erred by upholding the circuit court's denial of his motion to suppress the evidence seized during a warrantless search of the curtilage of his dwelling, specifically the backyard, and also any evidence derived from that search.  Vaughn argues that the law enforcement officer who conducted the search was not lawfully in Vaughn's backyard because the officer proceeded beyond that area of the curtilage for which he had "implied consent" to enter.  See Robinson v. Commonwealth, 273 Va. 26, 34-35, 639 S.E.2d 217, 222

(2007).

In an assignment of cross-error, the Commonwealth contends that the "Court of Appeals erred in failing to find Vaughn's challenge to the officer's authority to enter the yard procedurally defaulted pursuant to Rule 5A:18." The Commonwealth is correct.

In Vaughn's motion to suppress filed in the circuit court, he argued, inter alia, that the search of the property violated the Fourth Amendment because "[t]here were insufficient underlying facts and circumstances presented to the officers for there to have been probable cause to believe that there was evidence located at the property that was subject to seizure[, c]onfiscation of the allegedly stolen items cannot be justified under any 'plain view' doctrine where the discovery was anticipated[, and t]here were no exigent circumstances to justify the warrantless search of the property." While Vaughn did argue that the Fourth Amendment requirements for a warrantless search of a dwelling's curtilage, i.e., probable cause and exigent circumstances, see Robinson, 273 Va. at 34, 639 S.E.2d at 221, were not met, Vaughn did not contest the lawfulness of the officer's presence in his backyard where the stolen items were plainly in view, or cite any cases that dealt with the doctrine of implied consent.

Thus, the Court of Appeals erred by addressing the implied consent doctrine and deciding whether the officer lawfully entered Vaughn's backyard. See Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time

2

of the ruling."); <u>see</u> <u>also</u> Rule 5:25.

The Court therefore vacates that portion of the Court of Appeals' opinion deciding whether the officer lawfully entered Vaughn's backyard under the implied consent doctrine. The Court, however, affirms the Court of Appeals' judgment upholding Vaughn's conviction for grand larceny.

This order shall be published in the Virginia Reports and shall be certified to the Court of Appeals of Virginia and the Circuit Court of Henry County.

A Copy,

Teste:

Patricia L. Harrington, Clerk