COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Alston, Chafin and Decker
Argued at Norfolk, Virginia


DEREK LAMONT PORTER

MEMORANDUM OPINION* BY
v.      Record No. 0631-16-1      JUDGE MARLA GRAFF DECKER
MAY 23, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Leslie L. Lilley, Judge

Bassel Khalaf, Assistant Public Defender, for appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General; Donald E. Jeffrey, III, Senior Assistant Attorney
General, on brief), for appellee.


Derek Lamont Porter appeals his conviction for possessing a controlled substance with

the intent to distribute in violation of Code § 18.2-248(C). He contends that his medicine bottle

was searched and that the search and his subsequent detention were unreasonable under the

Fourth Amendment of the Constitution of the United States. He concludes that, consequently,

the circuit court should have granted his motion to suppress evidence. We hold that the circuit

court did not err in denying the motion to suppress. Accordingly, we affirm the conviction.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

# I. BACKGROUND[1]

Around 10:00 p.m. on March 20, 2014, Officer Spencer Parrish, of the Virginia Beach Police Department, was on patrol in a "high narcotic[s] area." He had participated in narcotics investigations "several" times in that area, including serving two search warrants. While on patrol that night, Parrish observed the appellant in the driver's seat of a parked car with another man in the front passenger seat.

The officer parked his marked police car on the opposite side of the street from the appellant, twenty-five or thirty feet away from him. Officer Parrish used his vehicle's spotlight to illuminate the appellant's car because it was dark in the area.[2] He was alone, and his weapon remained holstered. Parrish waved at the occupants in the car "as if to say hi" as he approached the driver's door on foot. The appellant, who appeared "extremely nervous," rolled down his window.

Parrish asked to see the appellant's identification, and the appellant provided him with his driver's license. As the two conversed, the officer saw two "pill bottles" in the appellant's lap. Parrish asked to "see" the pill bottles, and the appellant handed them to him. The labels on the bottles identified prescriptions in the appellant's name. One bottle was labeled as morphine and had a sticker with the words "controlled substance." Officer Parrish noticed that the morphine label indicated that the prescription had been filled with ninety pills "seven days prior" and that there were only two pills in the bottle. The officer asked the appellant the amount of his daily

---

[1] In ruling on the propriety of a circuit court's decision on a motion to suppress, this Court views the evidence in the light most favorable to the party who prevailed below, in this case the Commonwealth. E.g., Branham v. Commonwealth, 283 Va. 273, 279, 720 S.E.2d 74, 77 (2012).

[2] Officer Parrish explained that he used the spotlight as he drove through the dark trailer park and left it on after he stopped.

dose. The appellant replied "two to three pills a day." Based on this response, Parrish calculated that the bottle should be missing only twenty-one pills, not eighty-eight.

At that point, Officer Parrish requested assistance, which arrived a few minutes later. During the interaction that followed, the appellant admitted to selling the missing morphine pills.

The appellant made a motion to suppress the evidence. In support of this motion, he argued that Officer Parrish effected a seizure when the officer approached him and that he did not consent to the conversation or the inspection of the pill bottles. The appellant further contended that once Parrish obtained the appellant's identification and the pill bottles, the officer had no reasonable articulable suspicion of criminal activity. Specifically, he suggested that when the officer discovered that the pill bottles belonged to the appellant, he should have stopped the investigation rather than searching the morphine bottle because any reasonable suspicion no longer existed.

The circuit court denied the motion. The appellant entered a conditional guilty plea, preserving his right to appeal the court's denial of his motion to suppress. The court accepted the plea, found the appellant guilty, and sentenced him to five years of imprisonment.

## II. ANALYSIS

The appellant argues that the circuit court erred in denying his motion to suppress the evidence because Officer Parrish did not have legal justification to "search" the morphine medicine bottle or to detain him after the officer discovered that the pill bottle belonged to him.[3]

On appeal of the denial of a motion to suppress evidence, the appellant has the burden to show that the circuit court's ruling constituted reversible error. Harris v. Commonwealth, 276 Va. 689, 695, 668 S.E.2d 141, 145 (2008). "'Ultimate questions of reasonable suspicion and probable cause to make a warrantless search' involve questions of both law and fact and are

_____

[3] The appellant does not challenge the consensual nature of the initial encounter.

- 3 -

reviewed *de novo* on appeal." McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (*en banc*) (quoting Ornelas v. United States, 517 U.S. 690, 691 (1996)). This Court must "independently determine whether the manner in which the evidence was obtained meets the requirements of the Fourth Amendment." McCain v. Commonwealth, 275 Va. 546, 552, 659 S.E.2d 512, 515 (2008). In doing so, however, the Court is "bound by the trial court's factual findings unless those findings are plainly wrong or unsupported by the evidence." Malbrough v. Commonwealth, 275 Va. 163, 168, 655 S.E.2d 1, 3 (2008). In addition, "we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee, 25 Va. App. at 198, 487 S.E.2d at 261.

### A. The Scope of Consent and Rule 5A:18

The appellant argues that although he consented to the officer's request to "see" the pill bottles, Officer Parrish violated his Fourth Amendment rights by searching his medicine bottle labeled morphine. The Commonwealth responds that the appellant did not argue below that Parrish exceeded the scope of the appellant's consent and, therefore, the issue is barred.

The appellant is correct that a consensual search must be limited to "the scope of the consent given." Grinton v. Commonwealth, 14 Va. App. 846, 850, 419 S.E.2d 860, 862 (1992). However, at no point during the hearing on the motion to suppress did he argue to the circuit court that Parrish's "search" of the medicine bottle exceeded the scope of his consent. Instead, the appellant argued that his encounter with Officer Parrish was not consensual because the "blinding" police spotlight constituted a show of authority, rendering the encounter a seizure. He further contended that after Officer Parrish obtained his identification and matched his name to that on the pill bottle labels, the officer no longer had reasonable suspicion of criminal activity and the detention should have ended.

Under Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Interpreting this rule, the Court has held that "[m]aking one specific argument on an issue does not preserve a separate legal point on the same issue for review." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*), aff'd by unpub'd order, No. 040019 (Va. Oct. 15, 2004). The purpose of Rule 5A:18 is to allow both the circuit court and the opposing party "the opportunity to intelligently address, examine, and resolve issues in the trial court" in order to avoid unnecessary appeals and retrials. See Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004), aff'd on other grounds, 269 Va. 3, 607 S.E.2d 119 (2005).

The appellant's failure to make the "scope of consent" argument relating to the pill bottle below deprived the Commonwealth of the chance to address it and the circuit court of the opportunity to rule on this issue. See Vaughn v. Commonwealth, 279 Va. 20, 21, 688 S.E.2d 283, 284 (2010) (holding that this Court erred by addressing the implied consent doctrine because the defendant had not raised that particular argument at trial); Redmond v. Commonwealth, 57 Va. App. 254, 259 n.2, 701 S.E.2d 81, 83 n.2 (2010) (holding that the argument that the officers exceeded the scope of any consent was procedurally barred).[4] Additionally, at no point has the appellant asserted that the ends of justice exception to Rule 5A:18 applies to permit this Court to address this challenge, and we do not consider that limited exception to the rule *sua sponte*. See Edwards, 41 Va. App. at 761, 589 S.E.2d at 448; see also Jones v. Commonwealth, 293 Va. 29, 39 n.5, 795 S.E.2d 705, 710 n.5 (2017) (declining to apply

---

[4] Vaughn, 279 Va. at 21, 688 S.E.2d at 284, and Redmond, 57 Va. App. at 259 n.2, 701 S.E.2d at 84 n.2, involved a previous version of Rule 5A:18. The 2010 amendment to Rule 5A:18 does not affect the applicability of these cases or the result reached here.

*sua sponte* the "ends of justice" exception to Rule 5:25, the Supreme Court of Virginia counterpart to Rule 5A:18). Further, the appellant does not raise the good cause exception to Rule 5A:18, and a review of the record does not provide any reason to invoke that exception here. See Andrews v. Commonwealth, 37 Va. App. 479, 494, 559 S.E.2d 401, 409 (2002). Consequently, we conclude that Rule 5A:18 bars our consideration of this assignment of error.[5]

## B. The Detention

In a separate assignment of error, the appellant argues that once the officer "looked at the refill date on the bottle and looked inside," the consensual encounter, which included handing the officer the pill bottles, turned into an unlawful seizure. He contends that at that point, Officer Parrish seized him without sufficient justification when he searched inside his medicine bottle, questioned him, and requested backup.

The Fourth Amendment protects people from unreasonable searches and seizures. E.g., Jones v. Commonwealth, 279 Va. 521, 527, 690 S.E.2d 95, 99 (2010). It is well established that warrantless searches and seizures are "presumptively unreasonable." Harris v. Commonwealth, 241 Va. 146, 152, 400 S.E.2d 191, 195 (1991). Nevertheless, "courts recognize exceptions to this general rule in several circumstances, including when a party voluntarily consents to the search." Glenn v. Commonwealth, 275 Va. 123, 130, 654 S.E.2d 910, 913 (2008).

Police are free under the Fourth Amendment to engage in consensual encounters with individuals. See, e.g., Branham v. Commonwealth, 283 Va. 273, 279, 720 S.E.2d 74, 77 (2012). A consensual contact "becomes a seizure '[o]nly when the officer, by means of physical force or

---

[5] In light of this holding, we do not consider the Commonwealth's argument that the evidence supports a finding that the officer could see the pills through the bottle and, therefore, the number of pills were in plain view. Likewise, we do not address the Commonwealth's alternative contention that the appellant's handing Officer Parrish the pill bottle in response to his request to "see" it "could reasonably be understood to include" consent for him to look in the bottle. See Edwards v. Commonwealth, 38 Va. App. 823, 831, 568 S.E.2d 454, 458 (2002).

show of authority, has in some way restrained the liberty of a citizen.'" Malbrough, 275 Va. at 169, 655 S.E.2d at 4 (alteration in original) (quoting Florida v. Bostick, 501 U.S. 429, 434 (1991)).

The Commonwealth does not contest the appellant's characterization that the encounter became a seizure after Parrish realized that the number of pills in the bottle was different than the quantity suggested by the date printed on the label. See, e.g., Jones, 279 Va. at 528-29, 690 S.E.2d at 99-100 (discussing factors relevant to determining whether a seizure occurred). Instead, the Commonwealth argues that at that point in the encounter, the officer had a reasonable articulable suspicion that criminal activity was afoot which supported an investigatory detention. We agree.

A police officer may justify a brief detention to investigate if he has a "reasonable, articulable suspicion" of unlawful conduct. Jones v. Commonwealth, 279 Va. 665, 673, 691 S.E.2d 801, 805 (2010). More specifically, "if there are articulable facts supporting a reasonable suspicion that a person has committed a criminal offense, that person may be stopped . . . briefly while attempting to obtain additional information." Sidney v. Commonwealth, 280 Va. 517, 524, 702 S.E.2d 124, 128-29 (2010) (quoting Hayes v. Florida, 470 U.S. 811, 816 (1985)). The purpose of an investigatory detention is "to permit an officer with reasonable suspicion of criminal activity to quickly confirm or dispel that suspicion." Davis v. Commonwealth, 35 Va. App. 533, 539, 546 S.E.2d 252, 255 (2001).

"There are no bright line rules to follow when determining whether a reasonable and articulable suspicion exists . . . ." Hoye v. Commonwealth, 18 Va. App. 132, 134-35, 442 S.E.2d 404, 406 (1994). The analysis is driven by the facts in the case, but the law dictates the parameters. "A reasonable suspicion is more than an 'unparticularized suspicion or "hunch."'" Bass v. Commonwealth, 259 Va. 470, 475, 525 S.E.2d 921, 923 (2000) (quoting Terry v. Ohio,

392 U.S. 1, 27 (1968)).  However, "[t]he likelihood of criminality 'need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard' applicable in other contexts."  Raab v. Commonwealth, 50 Va. App. 577, 581, 652 S.E.2d 144, 146 (2007) (*en banc*) (quoting United States v. Arvizu, 534 U.S. 266, 274 (2002)).  The assessment is whether there is a reasonable suspicion that the individual *may* be involved in criminal activity.  Further, "[t]he possibility of an innocent explanation for the suspicious conduct does not necessarily forbid an officer from making a brief, investigatory stop" or detention to confirm or dispel his suspicion.  Id.; see United States v. Perkins, 363 F.3d 317, 327 (4th Cir. 2004).  Indeed, as many courts including the Supreme Court of the United States have pointed out, in the landmark case of Terry v. Ohio, 392 U.S. 1 (1968), acts that could have been seen as innocent independently when viewed collectively provided law enforcement with reasonable suspicion to stop the defendant for the purpose of further investigation.  See Arvizu, 534 U.S. at 274.

On appellate review, applying these Fourth Amendment principles, we must consider the "'totality of the circumstances' of each case to see whether the detaining officer ha[d] a 'particularized and objective basis' for suspecting legal wrongdoing."  Mason v. Commonwealth, 291 Va. 362, 368, 786 S.E.2d 148, 151 (2016) (quoting Arvizu, 534 U.S. at 273); see also Terry, 392 U.S. at 21-22.  In conducting this analysis, we are mindful that an officer is permitted "to view the circumstances confronting him in light of his training and experience."  Atkins v. Commonwealth, 57 Va. App. 2, 19, 698 S.E.2d 249, 257 (2010).

In this case, Officer Parrish approached the appellant in a known "high narcotic[s] area."  See Whitaker v. Commonwealth, 279 Va. 268, 276, 687 S.E.2d 733, 737 (2010) ("[W]hile a suspect's presence in a high crime area, standing alone, is not enough to support a reasonable particularized suspicion, it is a relevant contextual consideration in a Terry analysis.");

Welshman v. Commonwealth, 28 Va. App. 20, 32, 502 S.E.2d 122, 128 (1998) (*en banc*) (noting that "'presence in a high crime area' is a factor [that] may be considered in determining whether an investigatory stop is appropriate" (quoting Brown v. Commonwealth, 15 Va. App. 232, 234 n.1, 421 S.E.2d 911, 912 n.1 (1992))). The appellant was sitting in his parked car late at night with another adult. He was "extremely nervous" when he lowered the window and spoke with the officer. See Illinois v. Wardlow, 528 U.S. 119, 124 (2000) ("[N]ervous, evasive behavior is a pertinent factor in determining reasonable suspicion."). He had two prescription medication bottles in his lap. When he handed them to Officer Parrish, the officer noticed that the bottle labeled "morphine" and marked as a "controlled substance" contained only two of the ninety pills prescribed.[6] The officer deduced that based on the prescription label noting that it had been filled seven days earlier, the bottle should have been mostly full rather than containing only two pills.

Based on this record, the totality of the circumstances, viewed objectively, supports the circuit court's conclusion that Parrish had a reasonable, articulable suspicion that the appellant was engaged in the illegal sale of morphine.[7] The lawful detention allowed the officer to work to

---

[6] The appellant claims that Parrish's observation of the two pills arose from a separate and distinct action from his handling of the bottle and reading the label. However, at this juncture, we view the evidence in the light most favorable to the Commonwealth, including all reasonable inferences flowing from the evidence. Officer Parrish's testimony that he read the label "and [he] noticed" that only two pills were in the bottle supports the inference that his observation of the number of pills occurred simultaneously with his reading of the label. Therefore, we treat the officer's knowledge of the actual number of pills in the bottle as one of the circumstances known to him when he detained the appellant.

[7] The appellant suggests that once the officer determined that the prescription was in his name, the inquiry should have ended. He argues that despite the fact that only two pills were in the bottle, there were numerous innocent explanations for that fact. As already noted, "the possibility of innocent conduct" does not preclude the officer who has a reasonable suspicion of criminal activity from detaining the individual in order to further investigate to quickly confirm or dispel his suspicion, thus resolving any ambiguity and establishing whether illegal activity is afoot. See Arvizu, 534 U.S. at 277; Raab, 50 Va. App. at 581-82, 652 S.E.2d at 147.

"quickly confirm or dispel" that suspicion by next asking the appellant the amount of his daily dose. Therefore, the circuit court did not err in holding that the officer's seizure of the appellant following their consensual encounter did not violate his Fourth Amendment rights.

### III. CONCLUSION

The appellant's first assignment of error challenging the officer's search of the bottle as being beyond the scope of his consent is procedurally barred under Rule 5A:18. The second assignment of error, challenging the investigatory detention, also fails because the totality of the circumstances supports the conclusion that the officer had a reasonable articulable suspicion of illegal activity. Consequently, we hold that the circuit court correctly denied the appellant's motion to suppress. For these reasons, we affirm the conviction for possession of a controlled substance with the intent to distribute.

<u>Affirmed.</u>